William D. Hyslop
United States Attorney
Joseph P. Derrig
John T. Drake
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>PUBLIC UTILITY DISTRICT NO. 1 OF KLICKITAT COUNTY, a Washington public utility district,<br><br>    Defendant. | No. 1:19-cv-03168-SAB<br><br>AMENDED COMPLAINT[1] |

Plaintiff, United States of America, on behalf of the United States Department of the Interior and the United States Department of Agriculture, by and through William D. Hyslop, United States Attorney, for the Eastern District of Washington, and Joseph P. Derrig, Assistant United States Attorney for the Eastern District of Washington, alleges as follows:

**INTRODUCTION**

1.  This is a civil action under federal and Washington State law for damages incurred by the United States in connection with the "Mile Marker 28 Fire," which Defendant's power line ignited on or about July 24, 2013, in Klickitat County.

---

[1] The initial Complaint referenced damages sought under the National Indian Forest Management Act (NIFRMA), which claim is being pursued administratively by the Bureau of Indian Affairs against KPUD. Since the administrative proceedings are not yet complete, references to NIFRMA have been removed without prejudice. The United States reserves its right to pursue enforcement of any administrative determination if necessary once issued.

AMENDED COMPLAINT - 1

2. The United States, acting on its own behalf and as trustee on behalf of the Yakama Nation, and at the request of the Bureau of Indian Affairs ("BIA") of the U.S. Department of the Interior, brings this action against Defendant for damages and suppression costs caused by the burning of approximately 19,732 acres within the exterior boundary of the Yakama Nation's reservation.

3. The United States, at the request of the U.S. Department of Agriculture, also brings this action against Defendant for damages and suppression costs stemming from the Mile Marker 28 Fire.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1345.

5. Venue is proper in the Eastern District of Washington pursuant to 28 U.S.C. § 1391(b), in that, the Defendant is a Washington State municipal corporation with its principle place of business in Washington State and all conduct relevant to the causes of action herein occurred within the Eastern District of Washington.

6. This action is timely pursuant to 28 U.S.C. § 2415(b).

7. The procedural hurdles contained in Wash. Rev. Code 4.96.020 do not apply to the federal government. *See West Virginia v. United States*, 479 U.S. 305, 311 (1987). Nonetheless, Plaintiff has filed a notice of claim with KPUD, as may be required under RCW 4.96.020, and waited more than 60 days before filing this Complaint.

## PARTIES

8. Plaintiff, United States of America, holds land in trust within the Yakama Indian Reservation for the benefit of the Yakama Nation which are under the supervision, control, administration, and protection of the Department of the Interior, Bureau of Indian Affairs (BIA). Plaintiff, United States of America, through the Department of the Interior and Department of Agriculture incurred damages and suppression costs stemming from the Mile Marker 28 Fire.

AMENDED COMPLAINT - 2

9. Defendant, Public Utility District No. 1 of Klickitat County ("KPUD"), is a public utility district formed under the laws of the State of Washington and doing business in Klickitat County, Washington. KPUD owned, operated, and maintained the overhead electrical distribution lines that are the subject of this action. KPUD is responsible for ensuring it has the legal authority to have its distribution lines on the Yakama Reservation.  KPUD is also responsible for controlling, operating, and maintaining the transmission lines described above, including but not limited to keeping vegetation cleared to a safe distance from the transmission lines.

## GENERAL ALLEGATIONS

10. On July 24, 2013, at approximately 11:00 am, the Mile Marker 28 Fire started on property on the Yakama Indian Reservation, northeast of Goldendale, in Klickitat County, Washington, in the vicinity of mile marker 28 on State Route 97 (hereinafter "Mile Maker 28 Fire" or "MM 28 Fire").

11. Contact between a KPUD electrical distribution line and the branches of a Grand Fir near Satus Pass in Klickitat County caused the Mile Marker 28 Fire to ignite and burn approximately 26,000 acres, of which 19,732 acres were within the exterior boundary of the Yakama Indian Reservation. The KPUD distribution line responsible for igniting the Mile Marker 28 Fire carried 7,200 volts.

12. Among the serious risks to person or property posed by KPUD's activities in operating overhead power lines in Klickitat County is the risk of igniting an uncontrolled wildland fire. This substantial risk was or should have been known by KPUD.

13. A primary cause of wildland fires initiated by utility lines is direct or indirect contact between a tree and a power line. This was or should have should have been known by KPUD.

14. KPUD knew or should have known its overhead electrical lines posed a substantial likelihood of igniting a wildland fire that would result in significant

AMENDED COMPLAINT - 3

property damage, fire suppression costs, and potential bodily injury or loss of life, should KPUD fail to properly monitor and maintain the vegetation along its power lines to prevent tree/power line contact.

15. KPUD knew or should have known that failure to properly monitor its overhead power lines for danger trees and branches in close proximity to its lines, and failure to promptly remove such trees or its branches would significantly increase the likelihood that KPUD's electrical lines would cause a devastating wildfire.

16. The branches of the tree responsible for causing the Mile Marker 28 Fire were in close proximity to the distribution lines and should have been removed by KPUD prior to them causing the fire.

17. KPUD's failure to identify, prune, or remove the hazard tree that caused the fire was inconsistent with nationally recognized standards from the American National Standard Institute for vegetation management, and the National Electrical Safety Code national standard for the operation of distribution lines. RCW 64.12.035(2) identifies a hazard to the general public health, safety, or welfare to exist when "[v]egetation has encroached upon electric facilities by overhanging or growing in such close proximity to overhead electric facilities that it constitutes an electrical hazard. . . ."

18. KPUD's vegetation management plan set forth in their Procedure Bulletin No. 51 states: "Any limb within ten feet of distribution electrical lines and twenty-three feet of transmission lines will be cut back." One of the purposes of Procedure Bulletin No. 51 is to keep tree limbs safely away from distribution lines to prevent fires.

19. KPUD knew or should have known the consequences of failing to follow Procedure Bulletin No. 51 could lead to a devastating wildfire. In a January 21, 2011, mailing, KPUD warned its customers that "Trees & Electricity Don't Mix." The mailing went on to state "[w]hen trees touch, or come close to touching an overhead

AMENDED COMPLAINT - 4

electric wire several things can happen . . . . Or, a branch can merely brush against an energized wire and catch on fire."

20. KPUD's director of operations and generations at the time of the fire, Ron Ihrig, expected KPUD's tree trimming crew to comply with the Procedure Bulletin No. 51.

21. KPUD's operation manager at the time of the MM 28 fire, Jeff Thayer, personally explained to KPUD's tree trimming crew the expectation that any tree limb near a KPUD distribution line was required to be trimmed back to a distance of 10 feet.

22. Aerial photos of the fire scene taken only a few weeks before the MM 28 Fire shows the branches of trees growing into KPUD's electrical distribution line. Pursuant to KPUD's Procedure Bulletin No. 51 and the instructions, expectations, and directions of KPUD's management, those branches should have been trimmed back from KPUD's electrical distribution line in order to prevent a fire.

23. Washington State Department of Natural Resources conducted an investigation (DNR Investigation) of the Mile Marker 28 Fire the day after the fire started and produced a Wildland Fire Investigation Report (DNR Report).

24. DNR Wildland Fire Investigator, Dennis E. Heryford (Investigator Heryford), and a DNR Wildland Fire Investigator in Training, Shane Early (Investigator Early), went to the area where the fire started, examined the area, studied the physical evidence at the scene, interviewed a number of witnesses, and determined that the fire was caused by tree branches that contacted a KPUD power line.

25. There were no obvious signs of vegetation maintenance related to KPUD's distribution line at issue.

26. A subsequent review of the west boundary of KPUD's distribution line revealed several tree limbs that were within several inches of the westernmost conductor.

AMENDED COMPLAINT - 5

27. The DNR Report found the Mile Marker 28 Fire:

"...was caused by a line to ground fault that existed between a KCPUD pole with tag numbers on it (3923-8026.9 and 3923-7321.9) that is located south of the fire's specific origin and another KIPUD pole numbered 3923-9233.9 north of the fire's specific point or origin. This line to ground fault was created by the limbs of a standing live, green approximately 80 feet tall Grand Fir (tree 2) coming into contact with the KCPUD's westernmost distribution line. This interaction caused the effected limbs and needles on the limbs to ignite and burn within the tree. The burning debris fell to the ground, igniting the receptive fuels within the host beds fuel beds in the fire's origin area consisting of lichens, grasses, brush, and forest debris."

28. The trunk of the approximately 80-foot-tall grand fir's branches that contacted the power line, resulting in the Mile Marker 28 Fire, was less than ten feet from the distribution line.

29. 25 U.S.C. §§ 323-328, 25 C.F.R. Part 169, govern grants of rights-of-way over Indian lands. Grants of rights-of-way over Yakama Nation land require approval of the Secretary of the Interior, and the Yakama Nation. In 1954, the BIA Acting Superintendent approved a right-of-way to P.U.D No. 1 of Klickitat County for the construction and maintenance of a power line over Indian lands identified on a Right of Way Map dated February 3, 1954. The right-of-way was valid for 50 years and expired on February 2, 2004.

30. On January 22, 2007, the BIA Yakama Agency Superintendent sent a letter to KPUD noting that KPUD's easements had expired. On May 25, 2007, the BIA Yakama Agency Superintendent again wrote to KPUD stating that the Agency had not received applications for the expired easements identified in the earlier correspondence.

31. On March 7, 2008, KPUD wrote to the BIA Yakama Agency stating that they intended to apply for renewal of the easements but never renewed the easements. KPUD decided to continue to operate its transmission

AMENDED COMPLAINT - 6

lines on the Yakama Reservation with clear knowledge that it had no authority to do so.

32. KPUD does not have a current right-of-way for its power lines on the Yakama Reservation and did not have a current right-of-way for its power lines at the time KPUD's lines caused the MM 28 Fire. KPUD continues to trespass and has been trespassing on Yakama Nation lands since February 2, 2004.

## **FIRST CLAIM FOR RELIEF**
## **(Negligence)**

33. The United States re-alleges and incorporates its previous allegations as though fully set forth herein.

34. KPUD owed the duty to exercise the "highest care that human prudence is equal to" in maintaining this distribution line free from trees and their branches. *See Brashear v. Puget Power & Light*, 100 Wn.2d 204, 211, 667 P.2d 78 (1983).

35. KPUD, through its own actions or inactions, or those of its agents or employees, failed to exercise due care and was negligent in the following particulars:

    i. KPUD failed to exercise the standard of care required of an electric utility in maintaining its utility corridor in that it failed to adequately trim the branches or remove the tree that caused the MM 28 Fire. Such standard of care was required by KPUD's own policy and implementing procedure, accepted industry standards, the requirements of the American National Standards Institute's utility vegetation management standards, National Electric Safety Code standards, and other State standards.

    ii. KPUD had a duty of care to maintain its power lines free from branches, such as the ones that caused this fire. The sequence of events leading to the start of the MM 28 Fire was the result of a failure on the part of KPUD to remove the branches or trees that posed an obvious and inevitable hazard to its power lines.

AMENDED COMPLAINT - 7

        iii.    KPUD negligently failed to fulfill its duties and failed to satisfy the level of care requisite to the operation, maintenance, and vegetation management of high-voltage overhead electrical lines in wildland-fire-prone service areas; KPUD's failures were responsible for the start and spread of the MM 28 Fire.

36.    The wrongful and negligent acts and omissions of KPUD were the direct and proximate cause of Plaintiff's loss of significant timber revenues that are a critical part of the Nation's economy, damages to the Nation's natural resources and Plaintiff's expenditures to suppress the MM 28 Fire and subsequent land rehabilitation.

## SECOND CLAIM FOR RELIEF
## (Fire Suppression Cost Recovery Under RCW 76.04.495)

37.    The United States re-alleges and incorporates its previous allegations as though fully set forth herein.

38.    RCW 76.04.495 allows the United States to recover reasonable expenses in fighting the fire, together with costs of investigation and litigation including reasonable attorneys' fees and taxable court costs from any corporation whose negligence is responsible for starting a fire which spreads to forestland such as that at issue here.

39.    As a direct and proximate result of KPUD's above-described negligence, the MM 28 Fire ignited, and the United States through Departments and firefighting agencies thereof, was obligated to fight and suppress the fire. As a result, the United States incurred necessary and reasonable fire suppression costs and expenses, and now will also incur litigation expenses.

## THIRD CLAIM FOR RELIEF
## Trespass

40.    The United States re-alleges and incorporates its previous allegations as though fully set forth herein.

AMENDED COMPLAINT - 8

41.  KPUD is required to have a valid right-of-way for its transmission and power lines located on the Yakama Indian Reservation.  KPUD does not have a valid right-of-way and has not had a valid right-of-way since 2004.

42.  KPUD has not obtained a valid right-of-way and decided to continue to operate its electrical distribution lines in a manner that made it reasonably foreseeable that KPUD's decisions would disturb the Yakama Nation's possessory interest in land held in trust by the Plaintiff for the benefit of the Yakama Nation.

43.  KPUD's trespass caused actual and substantial damage.

44.  KPUD continues to operate its electrical distribution lines located on the Yakama Indian Reservation without a valid right-of-way.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

1.  All costs, to be determined at trial, associated with the suppression of the Mile Marker 28 Fire and rehabilitation of lands, whether expended or to be expended in the future.

2.  Damages, to be determined at trial, related to the wrongful and negligent acts of KPUD, including but not limited to lost timber revenue and damages to the Nation's natural resources.

3.  All present and future administrative costs, to be determined at trial, associated with the Mile Marker 28 Fire.

4.  Payment of costs and damages caused by the trespass of KPUD's transmission and power lines on Indian lands.

5.  Interest as prescribed and allowable by law, including under 31 U.S.C. § 3717.

//

//

AMENDED COMPLAINT - 9

6. All costs, expenses, reasonable attorney's fees and any other relief the Court deems just and equitable.

RESPECTFULLY SUBMITTED on January 26, 2021.

                WILLIAM D. HYSLOP
                United States Attorney

                s//Joseph P. Derrig
                Joseph P. Derrig
                John T. Drake
                Assistant United States Attorneys

AMENDED COMPLAINT - 10