FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 24, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>PUBLIC UTILITY DISTRICT NO. 1. OF KLICKITAT COUNTY, a Washington public utility district,<br><br>    Defendant. | No. 1:19-CV-03168-SAB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS** |

    Before the Court is the Plaintiff's Motion to Dismiss Counterclaims, ECF No. 43. The Court held oral argument on the motion on August 5, 2021 by videoconference. Hillary Hoffman, Bradley Bridgewater, and Joseph Derrig appeared on behalf of Plaintiff United States of America. Jennifer MacLean and Dan Short appeared on behalf of Defendant Public Utility District No. 1 of Klickitat County.

    The Court has reviewed the parties' briefing and applicable caselaw, heard oral argument, and is fully informed. For the reasons discussed below, the Court lacks jurisdiction over Defendant's counterclaims. Accordingly, the Court grants Plaintiff's motion and dismisses Defendant's counterclaims without prejudice.

//

//

**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS** *1

## I. BACKGROUND

This section summarizes the facts and procedural history of this case and administrative proceedings before the Bureau of Indian Affairs ("BIA"), which concerns the same underlying factual pattern.

### A. Facts

The facts are construed in a light most favorable to the Defendant as the nonmoving party. *Taylor v. Yee*, 780 F.3d 928, 935 (9th Cir. 2015). Accordingly, Defendant's allegations in its Answer to the Amended Complaint, ECF No. 33, are accepted as true. *Id.*

On July 24, 2013, a forest fire known as the Mile Marker 28 Fire ("MM 28 Fire") ignited on State Route 97 near the Yakama Indian Reservation. There appears to be no dispute that contact between a tree's branches and one of Defendant's electrical distribution lines ignited the fire. The fire burned approximately 26,000 acres, of which 19,732 acres were within the boundaries of the Yakama Indian Reservation. Defendant contends that improperly managed felling of trees ignited the fire. Specifically, Defendant argues that an Indian timber company, who was acting under the supervision of the BIA, was felling trees in the area of its power line when the fire ignited. ECF No. 33 at 2 ¶ 1; *id.* at 5 ¶ 11. The proximate cause of the fire, however, is not presently at issue.

### B. Procedural History

Plaintiff filed its Complaint in this case on July 23, 2019. ECF No. 1. The Court granted a stay on September 16, 2019 to allow the parties to participate in mediation. ECF No. 13. The Court extended the stay on December 9, 2019, ECF No. 17, and again on May 1, 2020 so the parties could continue to exchange expert analysis, prepare for mediation, and accommodate complications stemming from the ongoing COVID-19 pandemic, ECF No. 25. The stay was lifted on December 29, 2020, after the parties notified the Court that mediation was unsuccessful. ECF No. 31. Plaintiff filed an Amended Complaint on January 26,

2021, which removed a claim under the National Indian Forest Resource Management Act ("NIFRMA") for forest trespass. ECF No. 32. Defendant filed an Answer to the Amended Complaint with a jury demand on February 9, 2021. ECF No. 33. Defendant's Answer included two NIFRMA counterclaims against Plaintiff. Defendant seeks (1) declaratory judgment that civil penalties under NIFRMA are time-barred under 28 U.S.C. § 2462; and (2) declaratory judgment that civil penalties under NIFRMA are not available for accidental fires. *Id.* at 30–33. On March 23, 2021, the Court granted a Stipulated Motion for Protective Order. ECF No. 39.

On March 24, 2021, Plaintiff filed the present Motion to Dismiss Counterclaims. ECF No. 43. Both parties also provided briefing at the request of the Court, ECF No. 49, on whether the Court should stay the case until the BIA administrative proceedings are concluded, ECF No. 50; ECF No. 51. On June 23, 2021, the Court held that a stay was not in the interests of justice and reset oral argument on Plaintiff's Motion to Dismiss. ECF No. 52. Oral argument on the Motion to Dismiss was held on August 5, 2021. ECF No. 55. On August 6, 2021, the Court granted the parties' Joint Motion to Extend Deadlines and continued the trial date in this case to November 11, 2022. ECF No. 56.

### C. Administrative and Other Court Proceedings

On August 6, 2014, the BIA issued a Notice of Trespass to Defendant based on its finding that the MM 28 Fire ignited through the interaction between the limbs of a Grand Fir tree and one of Defendant's electrical lines. ECF No. 44 at 10. A second BIA letter was sent to Defendant on October 21, 2015, demanding over $65 million in civil penalties, with nearly $10 million in interest. ECF No. 33 at 23 ¶ 44. Defendant filed an administrative appeal on November 23, 2015, disputing its liability and BIA's authority to seek civil penalties under NIFRMA. *Id.* at 10-11.

On November 25, 2021, Defendant filed suit in the Eastern District of Washington, seeking declaratory relief that the Department of Interior's

regulations implementing NIFRMA exceeded the Secretary's legal authority. *See Public Utility Dist. No. 1 of Klickitat Cty. v. U.S. Dep't of Interior*, No. 1:15-CV-3201-RMP (E.D. Wash. filed Nov. 25, 2015). In that case, Judge Peterson granted the United States' motion to dismiss on the basis that the Court lacked subject matter jurisdiction, because the agency action—issuing a Notice of Trespass under NIFRMA—was not a final agency decision under 5 U.S.C. § 704. *Public Utility Dist. No. 1 of Klickitat Cty. v. U.S. Dep't of Interior*, No. 1:15-CV-3201-RMP, ECF No. 21, *7–8 (E.D. Wash. Nov. 23, 2016) (citing 25 C.F.R. 163.29(g)).

      Defendant continued to pursue its administrative appeal. Defendant filled a detailed objection to the BIA's demand of civil penalties on August 18, 2017. ECF No. 44 at 11. On June 19, 2019, the Northwest Regional Director of the BIA ("Regional Director") affirmed the demand issued by the agency, with an exception to the interest rate of 8%, thereby reducing the civil penalties to $58 million. *Id*. Defendant appealed to the Interior Board of Indian Appeals ("IBIA") on July 18, 2019. *Id*. The administrative proceedings were stayed on September 3, 2019 for potential settlement, but the parties were unable to settle and the stay was lifted on January 25, 2021. ECF No. 44-1 at 21–22 (Exhibit D: Order Vacating Decision and Remanding). On January 25, 2021, the IBIA proposed a briefing schedule to Defendant. *Id*. at 22.

      On February 9, 2021, however, the Regional Director requested a remand from the IBIA. *Id*. On March 2, 2021, the IBIA granted the request and remanded the matter to the Regional Director for reconsideration. *Id.* The remand order included the following footnote: "On remand, the Regional Director should consider and address, as necessary and appropriate, the arguments raised by Appellant on appeal that purport to relate to the merits of the matter." *Id.* at 23 n.4. When the decision was remanded to the Regional Director, the previous BIA decision was vacated. *Id.* at 22.

//

**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS *4**

## II.     QUESTION PRESENTED

The issue presented is whether the Court has subject matter jurisdiction over Defendant's NIFRMA counterclaims concerning civil penalties when there is an ongoing administrative proceeding before the BIA.

## III.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss a claim "for failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The pleadings must be construed in a light most favorable to the nonmoving party, and factual allegations in the complaint must be accepted as true. *Taylor v. Yee*, 780 F.3d 928, 935 (9th Cir. 2015) (quoting *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1029–30 (9th Cir. 2009)). However, a court must set aside threadbare legal conclusions and accept only the non-conclusory allegations of the elements. *Iqbal*, 556 U.S. at 678.

Although Plaintiff moves under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, the Court's lack of subject matter jurisdiction is also explicitly raised. The Court can raise subject matter jurisdiction *sua sponte* and must dismiss an action at any time that it determines it lacks jurisdiction. Fed. R. Civ. P. 12(h)(3). "Subject matter jurisdiction must exist as of the time the action is commenced." *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). If a district court lacks subject matter jurisdiction, it must "dismiss the case, regardless of how long the litigation has been ongoing." *Rainero v. Archon Corp.*, 844 F.3d 832, 841 (9th Cir. 2016).

## IV.     DISCUSSION

In Plaintiff's Motion to Dismiss, the United States argues that Defendant's NIFRMA counterclaims are premature and the Court lacks jurisdiction because

**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS *5**

there is no final agency action reviewable under 5 U.S.C. § 704. ECF No. 43 at 10–11. Specifically, Plaintiff argues that the IBIA's remand to the Regional Director vacated the previous decision by the Regional Director, and therefore, there is no "final" agency action subject to judicial review. *Id.* at 13.

Defendant argues, *inter alia*, that the Court should be flexible and pragmatic in determining the finality issue. ECF No. 44 at 20. It contends that there is virtual certainty that the BIA will find it liable for the MM 28 Fire in the administrative proceedings, pointing in part to the present civil action concerning the same set of facts. *Id.* at 21.

To determine whether an agency action is final under the Administrative Procedure Act, 5 U.S.C. §§ 701–706, courts utilize the *Bennett* test. *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997); *see also Or. Nat. Desert Ass'n v. U.S. Forest Serv.*, 465 F.3d 977, 982 (9th Cir. 2006); *Navajo Nation v. U.S. Dep't of Interior*, 819 F.3d 1084, 1091 (9th Cir. 2016). For an agency action to be final, the action must (1) "mark the consummation of the agency's decisionmaking process" and (2) "be one by which rights or obligations have been determined, or from which legal consequences will flow." *Bennett*, 520 U.S. at 178 (internal quotation marks omitted). Certain factors indicate finality, "such as whether the action amounts to a definitive statement of the agency's position, whether the action has a direct and immediate effect on the day-to-day operations of the party seeking review, and whether immediate compliance with the terms is expected." *Indus. Customers of Nw. Utils. v. Bonneville Power Admin.*, 408 F.3d 638, 646 (9th Cir. 2005) (internal quotations and citations omitted).

In this case, there is no final agency action subject to judicial review under § 704, and the Court lacks jurisdiction to consider Defendant's counterclaims at this time. The administrative decision regarding civil penalties was explicitly vacated by the IBIA, and the case remanded on March 2, 2021. ECF No. 44-1 at 21–24. The remand order specifically directed the Regional Director to consider

**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS *6**

Defendant's arguments as they related to the merits of the matter. *Id.* at 23 n.4. To consider Defendant's counterclaims at this time would necessitate that the Court improperly issue an advisory opinion to the agency. Defendant's arguments regarding NIFRMA civil penalties are more properly heard first by the BIA through the administrative process. Absent a final agency action, the Court lacks jurisdiction to consider Defendant's counterclaims concerning NIFRMA civil penalties.

Defendant contends that there is essentially a final decision because the United States filed this civil action alleging its liability for the MM 28 Fire. However, the United States' pursuit of a civil action is distinct from an administrative agency's "final" action that is subject to judicial review under § 704. Defendant can point to no caselaw or statute that prevents the United States from pursuing two actions at the same time; as a result, its argument on this point is unpersuasive. Defendant also appears to argue that the agency process has an immediate impact on its day-to-day operations due to the financial hardship involved in litigating in separate forums. While the Court does not discount this is a financial hardship to Defendant, it is not a legally cognizable consideration under the Court's jurisdictional analysis. *See, e.g.*, *Ukiah Valley Med. Ctr. v. FTC*, 911 F.2d 261, 264 (9th Cir. 1990) (holding that "possible financial loss" from a party's defense in administrative proceedings does not burden a party in a direct and immediate manner); *see also Indus. Customers of Nw. Utils.*, 408 F.3d at 647 (explaining that, even though an action may have profound economic consequences, the agency decision must nonetheless be "final" to be subject to judicial review).

Accordingly, the Court finds there is no decision that marks the consummation of BIA's decision-making process, and, in any case, no rights or legal obligations flow from the lack of agency decision. *Bennett*, 520 U.S. at 178. The Court lacks subject matter jurisdiction to consider Defendant's counterclaims

**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS** *7

at this time. Due to the Court's finding that it lacks jurisdiction, the Court declines to consider the parties' remaining arguments concerning futility and ripeness.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion to Dismiss Counterclaims, ECF No. 43, is **GRANTED**. Defendant's First Cause of Action and Second Cause of Action are **DISMISSED** without prejudice.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 24th day of August 2021.



Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS *8**